UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:04-cr-00201-SEB-TAB-2 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| DEANDRE L. DOUGLAS | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:04-cr-00201-SEB-TAB |
| | ) |
| DEANDRE L. DOUGLAS, | ) -02 |
| | ) |
| Defendant. | ) |

**Order Denying Motions for Compassionate Release**

Pending before the Court are Deandre Douglas's motions for compassionate release, dkts. 121 and 131, filed under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). The Court reads Mr. Dougals's motions as requesting a reduction of his term of imprisonment to time served. For the reasons explained below, Mr. Douglas's motions are denied.

**I. Background**

In December 2004, Mr. Douglas and several co-defendants were charged by indictment with drug-related offenses. Dkt. 149 at ¶ 1. Mr. Douglas was charged with one count of conspiracy to possess with intent to distribute and to distribute five kilograms or more of a mixture or substance containing cocaine, one count of carrying a firearm in furtherance of a drug trafficking crime, one count of unlawful possession of a firearm, and one count of possession of a firearm with an obliterated serial number. *Id.*

Mr. Douglas agreed to plead guilty to the conspiracy charge and carrying a firearm in furtherance of a drug trafficking crime charge in April 2005. *Id.* at ¶ 4. His plea agreement fell under Federal Rule of Criminal Procedure 11(c)(1)(C), and the parties agreed to a total term of

2

imprisonment of 270 months. *Id.* A presentence investigation report ("PSR") was prepared prior to sentencing, and it determined that Mr. Douglas had a total offense level of 34 and a criminal history category of VI. *Id.* at ¶¶ 46, 60. These calculations were based in part on a finding that Mr. Douglas was a career offender under Sentencing Guidelines § 4B1.1. *Id.* at ¶¶ 42, 60. The Court sentenced Mr. Douglas to an aggregate 270-month term of imprisonment. *See* dkt. 121 at 1.

Mr. Douglas filed his first motion for compassionate release in September 2020. Dkt. 121. He argued that an extraordinary and compelling reason supports a sentence reduction because his medical conditions place him at greater risk of developing severe symptoms if he contracts COVID-19 and because FCI Forrest City Low experienced a major outbreak of COVID-19. *Id.* He filed an amended motion for compassionate release in October 2020, presenting the same arguments in support of his request. Dkt. 131. The United States responded in opposition to Mr. Douglas's motion, dkt. 142, and Mr. Douglas filed two replies and a supplement, dkts. 143, 150, 151.

## II. Legal Standard

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to

3

>appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>>(i) extraordinary and compelling reasons warrant such a reduction; or
>>
>>(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger

---

[1] The United States does not contest that Mr. Douglas has exhausted administrative remedies as required by § 3582(c)(1)(A). As part of his first motion for compassionate release, Mr. Douglas included the warden's denial of his request for a sentence reduction. Dkt. 121-5.

4

to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . ."). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F. 3d 1178, 1180-81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not

5

curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

### III. Discussion

Mr. Douglas is 43 years old. He is incarcerated at the federal correctional institution in Forrest City, Arkansas ("FCI Forrest City Low"). Dkt. 151 at 1. With good conduct time included, his sentence is anticipated to end on May 11, 2024. *See* Federal Bureau of Prisons, *Inmate Locator*, *available at* www.bop.gov/inmateloc (last visited Feb. 15, 2021). In his motions, Mr. Douglas states that he suffers from various medical conditions that increase his risk of suffering severe symptoms if he contracts COVID-19. He argues that the combination of his medical conditions and the introduction and prevalence of COVID-19 in the correctional setting constitutes an extraordinary and compelling reason warranting a sentence reduction. *See* dkt. 121 at 2-4; dkt. 131 at 10-16. In response, the United States acknowledges that Mr. Douglas has "encountered issues with his kidneys" but argues that he has failed to show extraordinary and compelling reasons

6

warranting release. Dkt. 142 at 9-10. It also argues that the sentencing factors listed in § 3553(a) weigh against a sentence reduction. *Id.* at 11-16.

As set forth above, one of the considerations for whether a defendant is entitled to release under § 3582(c)(1)(A) is whether he has presented an extraordinary and compelling reason warranting a sentence reduction. *See* U.S.S.G. § 1B1.13, Application Note (D). Mr. Douglas contends that the extraordinary and compelling reason warranting a sentence reduction for him is his medical conditions. Specifically, he has a history of smoking, dkt. 121 at 2; dkt. 131 at 3, and he has only "one semi-functioning kidney," dkt. 131 at 2.

An individual's status as a former cigarette smoker places him at an increased risk of severe illness from COVID-19 according to the Centers for Disease Control ("CDC"). *See* Centers for Disease Control, *Certain Medical Conditions and Risk for Severe COVID-19 Illness*, *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Feb. 15, 2021). Mr. Douglas claims that he is a "long time smoker" and has a "history as a smoker," dkt. 131 at 3, 19, but he submits no evidence establishing that he is a former *cigarette* smoker, which is the relevant issue. Rather, it appears that Mr. Douglas has a history as a marijuana smoker, *see* dkt. 149 at ¶ 82, and the CDC has not identified a history of smoking marijuana as presenting the same risks as those associated with cigarette smoking. *See* Centers for Disease Control, *Certain Medical Conditions and Risk for Severe COVID-19 Illness*, *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww. cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Feb. 15, 2021).

Ultimately, Mr. Douglas bears the burden to show an extraordinary and compelling reason for release, and he has not carried his burden to show that he is a former cigarette smoker. Accordingly, Mr. Douglas has not shown an extraordinary and compelling reason warranting a sentence reduction based on his history of smoking.

Similarly, Mr. Douglas has not established an extraordinary and compelling reason warranting a sentence reduction based on his kidney function. The CDC identifies "chronic kidney disease" as a medical condition that places an individual at increased risk of severe illness resulting from COVID-19. *See* Centers for Disease Control, *Certain Medical Conditions and Risk for Severe COVID-19 Illness*, *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Feb. 15, 2021). "Chronic kidney disease" ("CKD") is a specific diagnosis, not a catchall category for kidney problems that could be described as chronic. *See* https://www.mayoclinic.org/diseases-conditions/chronic-kidney-disease/symptoms-causes/syc-20354521 (last visited Feb. 17, 2021) (discussing conditions that cause CKD and noting that some other kidney problems—such as glomerulonephritis, interstitial nephritis, polycystic kidney disease, and prolonged obstruction of the urinary tract from kidney stones). While Mr. Douglas has a history of kidney problems including kidney stones, hydronephrosis, and atrophy of the right kidney, *see e.g.*, dkt. 131-1 at 5-7, 27-28, 30, 43, 48, he has not been diagnosed as having CKD, and he has not shown that any of his diagnosed kidney problems amount to CKD or create a risk of severe COVID-19 symptoms similar to patients who have been diagnosed with CKD.

Mr. Douglas has not established that he suffers from a medical condition the CDC recognizes as presenting an increased risk of severe illness from COVID-19. As such, he has not demonstrated an extraordinary and compelling reason that warrants a sentence reduction.

## IV. Conclusion

For the reasons stated above, Mr. Douglas's motions for compassionate release, dkt. [121] and dkt. [131], are **denied**.

**IT IS SO ORDERED.**

Date: 2/19/2021

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel